IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **JONATHAN LOMAS-CONTRERAS,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**UNIVERSAL PROTECTION SERVICE, LLC d/b/a Allied Universal,**<br><br>**Defendant.** | Civil Action No. 2:21-CV-218-RWS |

## COMPLAINT

Plaintiff Jonathan Lomas-Contreras herein asserts a claim against Defendant Universal Protection Service, LLC d/b/a Allied Universal, for due but unpaid overtime wages and for unpaid contractual wages, showing the Court as follows:

**INTRODUCTION**

1. In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiff seeks to recover unpaid overtime wages from his former employer.

2. Prior to filing this action, Plaintiff attempted to engage Defendant in a dialogue and to resolve this dispute without litigation, but received no response from Defendant. For this reason, Plaintiff has no alternative but to file suit over what is a relatively small claim for unpaid wages. Such

intransigence is not new: Defendant also refused to negotiate prior to litigation in an earlier FLSA case handled by Plaintiff's counsel. *See Franklin et al. v. Universal Protection Service, Inc.*, Case No. 1:19-cv-1281-MLB, Dkt. 1 (Complaint), pg. 2 (ND. Ga.).

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute that affects interstate commerce.

4. Universal Protection Service, LLC, is a foreign limited liability company existing under the laws of the State of Delaware and registered to do business in Georgia.

5. Universal may be served with process via service on its registered agent for service, CT Corporation System, at 289 S Culver St, Lawrenceville, Gwinnett County, Georgia, 30046-4805.

6. This Court has personal jurisdiction over Universal.

7. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant regularly conduct business in this judicial district,

a substantial portion of the events giving rise to the claims herein arose in this judicial district, and Defendant resides in this judicial district.

**EMPLOYMENT RELATIONSHIP**

8. Universal is a facility security services company operating in all 50 states.

9. Plaintiff has worked for Defendant as a security guard since January 2020.

10. At all relevant times, Plaintiff worked for Universal in support of the company's security services on the premises of the Kings Hawaiian facility in Oakwood, Georgia.

11. At all relevant times, Plaintiff has been an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

**ENTERPRISE COVERAGE UNDER THE FLSA**

12. During 2021, Universal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13. During 2021, Universal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14. During 2021, Universal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15. During 2021, Universal was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

**GENERAL FACTUAL BACKGROUND**

16. At all relevant times, Plaintiff was compensated on an hourly basis making $11.07 per hour.

17. Since May 2021, many of Plaintiff's hours worked did not appear on his paystubs, with entire shifts usually missing.

18. Many of the unpaid hours were hours worked in excess of 40 hours per workweek, meaning that Defendant failed to pay both regular wages as well as overtime premiums.

19. Plaintiff has complained about these discrepancies to Universal on numerous occasions, usually to no avail.

20. Universal did issue three additional checks to Plaintiff, presumably to pay him for late wages, but still has not compensated him for the majority of the hours missing from him paychecks.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

21. At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the maximum hour (i.e., overtime) wage protections set forth in 29 U.S.C. § 207.

22. Since May 2021, Defendant has failed to timely compensate Plaintiff at one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per week.

23. Plaintiff is entitled to payment of all due but unpaid overtime premiums in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

24. Plaintiff is also entitled to liquidated damages in an amount equal to his unpaid overtime premiums (and untimely paid overtime premiums) in accordance with 29 U.S.C. § 216(b).

25. As a result of the underpayment of minimum wages as alleged above, Defendant is liable to Plaintiff for his litigation costs, including his reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

## COUNT II
### BREACH OF CONTRACT

26. Plaintiff and Defendant entered into an agreement pursuant to which Plaintiff would be paid an hourly wage for all hours worked.

27. The Parties' agreement constituted a binding contract.

28. Plaintiff performed the work that he agreed to perform in reliance on Defendant's promise.

29. Defendant has failed to compensate Plaintiff for all hours worked since May 2021.

30. Defendant's failure to pay Plaintiff for all hours worked constitutes a breach of the Parties' agreement.

31. Plaintiff has been harmed by Defendant's breach and failure to pay his earned wages.

32. Defendant intentionally and willfully breached its agreements with Plaintiff to pay him his earned wages, despite numerous requests from Plaintiff that it do so.

33. Defendant has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expenses in connection with this matter.

34. Due to Defendant's bad faith, Plaintiff is entitled to recover his reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully prays that the Court:

(a) Take jurisdiction of this matter;

(b) Issue a judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendant failed to comply with the maximum hour requirements of the FLSA;

(c) Award Plaintiff all due but unpaid overtime wages and liquidated damages;

(d) Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(e) Award Plaintiff all other unpaid wages;

(f) Award Plaintiff nominal damages;

(g) Award Plaintiff his costs of litigation including reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and O.C.G.A. § 13-6-11; and

(h) Award any and such other further relief this Court deems just and proper.

This 30th day of September 2021.

Respectfully submitted,

DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

Counsel for Plaintiff