IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JONATHAN LOMAS-CONTRERAS,

      Plaintiff,

vs.

UNIVERSAL PROTECTION
SERVICE, LLC d/b/a ALLIED
UNIVERSAL,

      Defendant.

Civil Action No.: 2:21-cv-218-RWS

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Universal Protection Service, LLC, d/b/a Allied Universal ("Defendant") hereby file this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Jonathan Lomas-Contreras ("Plaintiff") as follows:

## INTRODUCTION

1.    In this Fair Labor Standards Act action, 29 U.S.C. § 201 et seq., Plaintiff seeks to recover unpaid overtime wages from his former employer.

**ANSWER:** Defendant acknowledges that Plaintiff is asserting claims under the cited statute, but denies that any statutory violations or other wrongful employment practices occurred. Except as expressly acknowledged, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

1

2.      Prior to filing this action, Plaintiff attempted to engage Defendant in a dialogue and to resolve this dispute without litigation, but received no response from Defendant. For this reason, Plaintiff has no alternative but to file suit over what is a relatively small claim for unpaid wages. Such intransigence is not new: Defendant also refused to negotiate prior to litigation in an earlier FLSA case handled by Plaintiff's counsel. *See Franklin et al. v. Universal Protection Service, Inc.*, Case No. 1 :19-cv-1281-MLB, Dkt. 1 (Complaint), pg. 2 (ND. Ga.).

**ANSWER:** Defendant denies the allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3.      The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute that affects interstate commerce.

**ANSWER:** Paragraph 3 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Universal Protection Service, LLC, is a foreign limited liability company existing under the laws of the State of Delaware and registered to do business in Georgia.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4.

5.      Universal may be served with process via service on its registered agent for service, CT Corporation System, at 289 S Culver St, Lawrenceville, Gwinnett County, Georgia, 30046-4805.

**ANSWER:** Paragraph 5 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      This Court has personal jurisdiction over Universal.

**ANSWER:** Paragraph 6 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendant regularly conduct business in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district, and Defendant resides in this judicial district.

**ANSWER:** Paragraph 7 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant does not challenge that venue is proper in this Court.

**EMPLOYMENT RELATIONSHIP**

8.      Universal is a facility security services company operating in all 50 states.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8.

9.      Plaintiff has worked for Defendant as a security guard since January 2020.

**ANSWER:** Defendant admits the allegations contained in Paragraph 9.

10.     At all relevant times, Plaintiff worked for Universal in support of the company's security services on the premises of the Kings Hawaiian facility in Oakwood, Georgia.

**ANSWER:** Defendant denies the allegations contained in Paragraph 10.

11.     At all relevant times, Plaintiff has been an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

**ANSWER:** Paragraph 11 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

**ENTERPRISE COVERAGE UNDER THE FLSA**

12.    During 2021, Universal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

**ANSWER:** Paragraph 12 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    During 2021, Universal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

**ANSWER:** Paragraph 13 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.    During 2021, Universal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:** Paragraph 14 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.    During 2021, Universal was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

**ANSWER:** Paragraph 15 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## GENERAL FACTUAL BACKGROUND

16.    At all relevant times, Plaintiff was compensated on an hourly basis making $11.07 per hour.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 16.

17.    Since May 2021, many of Plaintiff's hours worked did not appear on his paystubs, with entire shifts usually missing.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17.

18.    Many of the unpaid hours were hours worked in excess of 40 hours per workweek, meaning that Defendant failed to pay both regular wages as well as overtime premiums.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18.

19.    Plaintiff has complained about these discrepancies to Universal on numerous occasions, usually to no avail.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19.

20.    Universal did issue three additional checks to Plaintiff, presumably to pay him for late wages, but still has not compensated him for the majority of the hours missing from him paychecks.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

21.    At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the maximum hour (i.e., overtime) wage protections set forth in 29 U.S.C. § 207.

**ANSWER:** Paragraph 21 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.    Since May 2021, Defendant has failed to timely compensate Plaintiff at one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

23.    Plaintiff is entitled to payment of all due but unpaid overtime premiums in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

**ANSWER:** Defendant denies the allegations contained in Paragraph 23.

24.    Plaintiff is also entitled to liquidated damages in an amount equal to his unpaid overtime premiums (and untimely paid overtime premiums) in accordance with 29 U.S.C. § 216(b).

**ANSWER:** Defendant denies the allegations contained in Paragraph 24.

25.    As a result of the underpayment of minimum wages as alleged above, Defendant is liable to Plaintiff for his litigation costs, including his reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

**ANSWER:** Defendant denies the allegations contained in Paragraph 25.

## COUNT II
## BREACH OF CONTRACT

26.    Plaintiff and Defendant entered into an agreement pursuant to which Plaintiff would be paid an hourly wage for all hours worked.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 as stated.

27.    The Parties' agreement constituted a binding contract.

**ANSWER:** Paragraph 27 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.    Plaintiff performed the work that he agreed to perform in reliance on Defendant's promise.

**ANSWER:** Defendant is without information or knowledge sufficient to admit or deny the truth of the allegations pled in paragraph 28 and the allegations are denied.

29.    Defendant has failed to compensate Plaintiff for all hours worked since May 2021.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29.

30.    Defendant's failure to pay Plaintiff for all hours worked constitutes a breach of the Parties' agreement.

**ANSWER:** Defendant denies the allegations contained in Paragraph 30.

31.    Plaintiff has been harmed by Defendant's breach and failure to pay his earned wages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31.

32.    Defendant intentionally and willfully breached its agreements with Plaintiff to pay him his earned wages, despite numerous requests from Plaintiff that it do so.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32.

33.    Defendant has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expenses in connection with this matter.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33.

34.    Due to Defendant's bad faith, Plaintiff is entitled to recover his reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34.

WHEREFORE, Plaintiff respectfully prays that the Court:
     (a)    Take jurisdiction of this matter;
     (b)    Issue a judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendant failed to comply with the maximum hour requirements of the FLSA;
     (c)    Award Plaintiff all due but unpaid overtime wages and liquidated damages;
     (d)    Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;
     (e)    Award Plaintiff all other unpaid wages;
     (f)    Award Plaintiff nominal damages;
     (g)    Award Plaintiff his costs of litigation including reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and O.C.G.A. § 13-6-11; and
     (h)    Award any and such other further relief this Court deems just and proper.

**WHEREFORE RESPONSE:** In response to the Paragraph that begins "WHEREFORE" following Paragraph 34 of the Complaint, Defendant states that no response is necessary. To the extent a response is necessary, Defendant denies that Plaintiff is entitled to any relief, including but not limited to, that specific relief requested and enumerated in the Complaint.

By way of further answer to the Complaint, Defendant provides that any and all allegations in the Complaint that have not been expressly admitted are hereby denied. Defendant further requests that this Court deny Plaintiff the relief sought and dismiss the Complaint in its entirety. Defendant has not yet had a full opportunity to conduct a reasonable inquiry into all facts underlying this lawsuit, but based upon its knowledge, information, and belief, wishes to interpose the following affirmative and other defenses, some or all of which may ultimately be supported by the facts to be revealed in discovery in this case. Defendant will withdraw those defenses that are unsupported by facts revealed in discovery and investigation, should there be any. On the basis of the above, by way of further answer to the Complaint, Defendant alleges the following defenses:

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that he has failed to satisfy and/or exhaust any and all administrative, jurisdictional, and/or procedural prerequisites to suit.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in party, by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff is not entitled to pre-judgment or post-judgment interest.

## FIFTH DEFENSE

Plaintiff's damages, if any, are barred to the extent that he has failed to mitigate his alleged damages.

## SIXTH DEFENSE

To the extent any Plaintiff received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## SEVENTH DEFENSE

Plaintiff was paid and received all monies to which he was entitled and, therefore, by accepting payments made to her, has effectuated an accord and satisfaction of his claims.

## EIGHTH DEFENSE

Defendant at all times acted in good faith to comply with all applicable laws and with reasonable grounds to believe that Defendant's actions did not violate the statutes cited in the Complaint.

## NINTH DEFENSE

Any damages sustained by Plaintiff were not proximately caused by any actions of Defendant. Any damages awarded to Plaintiff must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities or their agents, servants, and employees who contributed to and/or caused the alleged damages, if any, according to the proof presented at the time of trial.

## TENTH DEFENSE

To the extent any Plaintiff signed a release and/or waiver encompassing claims alleged in the Complaint, or a contractual waiver or agreement contrary to his claims herein, his claims are barred by that release, waiver, or agreement.

## ELEVENTH DEFENSE

To the extent that the damages claimed Plaintiff were caused, in whole or in part, by Plaintiff's own failure to follow Defendant's policies, such claims are barred by the doctrine of avoidable consequences.

**TWELFTH DEFENSE**

Plaintiff is not entitled to recover attorneys' fees.

**THIRTEENTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff was not disabled or perceived as disabled within the meaning of applicable law.

WHEREFORE, having fully answered and defended the Complaint, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice and all costs and fees cast upon Plaintiff.

Dated: December 10, 2021

Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

/s/ Brendan F. Sullivan
Brendan F. Sullivan
Georgia Bar No. 293808
Julie Hunter-Anderson
Georgia Bar No. 999069
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(404) 909-8100
(404) 909-8120 (facsimile)
bsullivan@martensonlaw.com
Jhunter-anderson@martensonlaw.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C</u>

I hereby certify that the foregoing document was prepared in Times New Roman, 14 Point font, as approved by Local Rule 5.1C.

This 10th day of December, 2021.

/s/ Brendan F. Sullivan
Brendan F. Sullivan