DocuSign Envelope ID: 074EA830-BB7B-49DD-925B-F7E9AB476F9A

# **GENERAL RELEASE AND SETTLEMENT AGREEMENT**

This General Release and Settlement Agreement ("Agreement") is made and entered into by and between Jonathan Lomas-Contreras ("Lomas-Contreras") and Universal Protection Service LLC d/b/a Allied Universal Security Services and its affiliates, subsidiaries, and parents ("Allied Universal").

I

For and in consideration of the execution of this Agreement by Lomas-Contreras, Allied Universal agrees to provide Lomas-Contreras with certain valuable consideration, the sufficiency and receipt of which is hereby acknowledged, including providing Lomas-Contreras the gross sum of five thousand dollars, three hundred and seventy four dollars and thirty two cents ($5,374.32), which amount will be payable as follows:

(a) a check made payable to Lomas-Contreras in the gross amount of One-Thousand Four-Hundred Fifty-Five Dollars and Eighty-Seven Cents ($1,455.87), less any applicable federal, state and/or local tax withholdings, for alleged lost wages;

(b) a check made payable to Lomas-Contreras in the gross amount of Four-Hundred Eighteen Dollars and Forty-Five Cents ($418.45), for alleged liquidated damages; and

(c) a check made payable to Charles Bridgers, Attorney, LLC, in the amount of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00), with a Form 1099 (Box 10, Gross Proceeds Paid to an Attorney) to be issued at year end for such payment.

At the time of execution of this Agreement, Lomas-Contreras will complete and execute an IRS Form W-4 (rev. Dec. 2020) and Lomas-Contreras and Charles Bridgers, Attorney, LLC will

each complete and execute an IRS Form W-9 to be returned with this Agreement. These benefits are provided in settlement of all Lomas-Contreras's claims against Allied Universal and/or all of its affiliated companies, employees, clients, and representatives, including but not limited to those claims set forth in the case styled *Jonathan Lomas-Contreras v. Universal Protection Service, LLC*, filed in the U.S. District Court for the Northern District of Georgia, Case No. 2:21-cv-218-RWS (the "Lawsuit").

Delivery of the aforementioned settlement checks shall be made to DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 101 Marietta Street, NW, Suite 2650, Atlanta, GA 30303 within fifteen (15) business days following: (1) dismissal with prejudice of Lomas-Contreras's lawsuit (Civil Action No. 2:21-cv-00218-RWS) currently pending in the Northern District of Georgia federal district court; and (2) receipt by defense counsel, Martenson, Hasbrouck & Simon LLP, of the original signed copy of this Agreement and a signed Form W-4 and Form W-9 executed by Lomas-Contreras, and a Form W-9 executed by Charles Bridgers, Attorney, LLC. The documents referenced in the preceding sentence shall be sent to: Brendan F. Sullivan, Esq., via email at bsullivan@martensonlaw.com or in hard copy to Martenson, Hasbrouck & Simon LLP, 2573 Apple Valley Road NE, Atlanta, GA 30319.

II

For and in consideration of the agreements and commitments set forth above, the receipt and sufficiency of which are hereby acknowledged, Lomas-Contreras does hereby knowingly and voluntarily release and forever discharge, both jointly and severally, Allied Universal, its corporate parent and affiliates (including but not limited to AlliedBarton Security Services LLC; AlliedBarton Security Services LP; Universal Protection Service, LP; FJC Security Services, Inc.; and U.S. Security Associates, Inc.), its current and former officers, directors,

DocuSign Envelope ID: 074EA830-BB7B-49DD-925B-F7E9AB476F9A

employees and clients, and their shareholders, attorneys, servants and agents, together with their successors and assigns ("Releasees") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever, in law or in equity ("claims"), which Lomas-Contreras ever had or now against the Releasees, for claims for unpaid wages arising under federal or state law, including but not limited to claims arising under the Fair Labor Standard Act.

III

The parties further acknowledge and agree that, except as expressly set forth in Paragraph I above, each party to this Agreement will bear his and its own costs and attorney's fees. Lomas-Contreras further warrants that as of the time of execution of this Agreement, he has not assigned or transferred any claims of any nature that he would otherwise have against the Releasees. Lomas-Contreras acknowledges that nothing in this Agreement prevents him from filing a charge or complaint with the Equal Employment Opportunity Commission ("EEOC"), National Labor Relations Board ("NLRB"), Occupational Health and Safety Administration ("OSHA"), or another state or federal agency ("Government Agency") or cooperating in any investigation or proceeding conducted by such a Government Agency.

IV

The amounts paid in connection with the provisions of Paragraph I, above, shall be reported to the Internal Revenue Service in accordance with applicable statutes and regulations. With respect to the amounts paid directly to Lomas-Contreras, the amounts subject to tax withholdings shall be reported on a Form W-2 issued to Lomas-Contreras at year-end, and the amounts not subject to tax withholdings shall be reported on a Form 1099-MISC (Box 3) issued to Lomas-Contreras at year-end. With respect to the amount paid to the DeLong Caldwell

Bridgers Fitzpatrick & Benjamin law firm, that payment shall be reported on a Form 1099-MISC (Box 10) issued to the DeLong Caldwell Bridgers Fitzpatrick & Benjamin law firm at year-end and on the aforementioned Form 1099-MISC issued to Lomas-Contreras at year-end. Lomas-Contreras and the DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC shall each be responsible for the payment of any local, state, and/or federal taxes which any local, state, and/or federal taxing authority may attribute to them with respect to the payments described above and shall hold Allied Universal harmless from any tax consequences, whether anticipated and unanticipated, arising out of the payments described in Paragraph I above. The parties acknowledge that no representations have been or are made by or to any signatory to this Agreement regarding the tax consequences of this Agreement.

V

Lomas-Contreras agrees and covenants that he has carefully reviewed, studied, and thought over the terms of this Agreement, and that all questions concerning this Agreement have been answered to his satisfaction. Lomas-Contreras further represents and agrees that, prior to his execution of this Agreement, he has had the opportunity to discuss and review all aspects of this Agreement with his attorney and that he has, to the extent he wished to do so, availed himself of this opportunity.

VI

It is further understood and agreed that this Agreement is entered into voluntarily by both parties, that this settlement resolves disputed claims and that the payment conferred is not to be construed as an admission of liability on the part of the persons, corporations, and entities hereby released, by whom liability is expressly denied.

VII

This Agreement shall be binding upon Lomas-Contreras, his heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through Lomas-Contreras based or founded upon any of the claims released. Lomas-Contreras acknowledges that this Agreement is made and entered into in the State of Georgia and shall, in all respects, be interpreted, enforced and governed under the laws of said State.

VIII

Should any word, phrase, clause, sentence or paragraph of this Agreement be deemed unenforceable by a competent court of law, the enforceability of the remainder of the Agreement shall be unaffected.

IX

Lomas-Contreras acknowledges and agrees that, should he fail or refuse to execute this Agreement, all obligations of Allied Universal, including the obligation to pay the sums referenced in Paragraph I as set forth, shall be entirely null, void and of no effect.

X

This Agreement constitutes the entire agreement between Lomas-Contreras and the Releasees pertaining to the subjects contained and supersedes any and all prior and/or contemporaneous agreements, representations or understandings, written or oral. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular whatsoever except in writing duly executed by Lomas-Contreras and an authorized representative of Allied Universal. Should any portion of this Agreement be deemed unenforceable, it shall not affect the enforceability of the remainder of the

Agreement. This Agreement is intended fully, completely, and forever to resolve all disputes based upon events, omissions or acts occurring on or prior to its execution, as well as all other issues or claims in any way arising out of, or connected with, the prior employment of Lomas-Contreras with Allied Universal and/or Lomas-Contreras's separation from that employment.

The undersigned acknowledge that they have read and understand the foregoing Agreement, and that they agree to the same and voluntarily execute the same.


*Jonathan Lomas-Contreras*      Date: 12/10/2021
Jonathan Lomas-Contreras


_____      Date: 12/14/2021
For and on behalf of Universal Protection Service, LLC

By: Andrew King, Associate Counsel